COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


HAMPTON DILLARD
                                              OPINION BY
v.    Record No. 1535-99-2          JUDGE JAMES W. BENTON, JR.
                                            MAY 30, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          T. J. Hauler, Judge

              William T. Fitzhugh (Beddow, Marley,
              Trexler & Fitzhugh, on brief), for appellant.

              Stephen R. McCullough, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     The trial judge convicted Hampton Dillard of forging and

uttering a check.  On appeal, Dillard contends the trial judge

erred in finding the evidence sufficient to support the

convictions.  For the reasons that follow, we affirm the

convictions.

                                 I.

     On September 28, 1998, William Kevin Clegg, an employee of

Wal-Mart Stores, observed Dillard attempting to purchase

merchandise at a register.  Clegg testified that "[Dillard]

proceeded to pull the checkbook out of his pocket . . . [and]

from a distance, my observations were that he was making hand

movement over the checkbook."  After Dillard gave a check to the

cashier, Clegg obtained the check and called the bank to verify that those funds were available. Based on information he received, Clegg asked Dillard to accompany him to discuss the check. Dillard correctly identified himself and his social security number and then told Clegg that "the check was given to him by some friend to come and purchase items."

The check was drawn on the account of William Brereton, was dated September 27, 1998, was written in the amount of $140.44, and was payable to Wal-Mart. The check contained a handwritten signature in the name of "William Brereton" as the drawer. Clegg testified that he did not see Dillard make the "actual . . . signature." Identifying the check, Clegg testified, however, "[t]hat's the item that I could see [Dillard] making hand movement over."

A Chesterfield County police officer, J.W. DeVivo, testified that Dillard told him that a friend had given him the check. Dillard also admitted to the officer that he "knew the check was stolen" and that he was "going to split the money with his friend."

The trial judge convicted Dillard of forging the check and uttering it. This appeal followed.

## II.

"Forgery is a common law crime in Virginia . . . [and] is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently

be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984) (citation omitted).  In pertinent part, Code § 18.2-172 provides that "[i]f any person forge any writing, . . . to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony."

Dillard contends the evidence was insufficient to support his conviction for forgery because no evidence proved that Brereton did not write the check.  He argues that the evidence did not prove the check was not complete when he received it. We disagree that the evidence failed to prove a forgery.

Dillard admitted to the officer that the check was stolen. Although the evidence did not prove Dillard forged Brereton's signature, the testimony of Clegg proved that Dillard wrote something on the check.  In addition, the record contains, as the Commonwealth's exhibit, a receipt from Wal-Mart for the items Dillard attempted to purchase.  It itemizes the costs of thirty items and the corresponding sales tax of four and one-half percent, and it shows a total of $140.44.  This was the same amount for which the check was written.  On these facts, the trial judge could have inferred beyond a reasonable doubt that, at a minimum, Dillard wrote that amount on the check.

Forgery of a check may be established by proving a fraudulent alteration or addition of words or numbers to the

incomplete instrument.  See Code § 8.3A-407; Beiler v. Commonwealth, 243 Va. 291, 294-95, 415 S.E.2d 849, 851 (1992) (holding that altering the numerical amounts of a check constitutes forgery).  See also State v. Rovin, 518 P.2d 579, 581 (Ariz. Ct. App. 1974) (holding that an "alteration" of a check by filling in the blank spaces, inserting the amount payable, and designating a payee constituted forgery); People v. Kubanek, 19 N.E.2d 573, 574 (Ill. 1939) (holding that the unauthorized filling in of blanks over the drawer's signature constitutes forgery).  Clearly, the evidence proved Dillard selected his purchases and then wrote on the stolen check. After doing so, Dillard gave the cashier the check, which was written for the exact amount needed to pay for the thirty items he sought to purchase, plus the applicable tax.  From this evidence, the trial judge could have found beyond a reasonable doubt that Dillard forged the check by falsely making or materially altering it.  See Beiler, 243 Va. at 295, 415 S.E.2d at 851; see also Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984) (holding that circumstantial evidence that is wholly consistent with guilt may prove guilt beyond a reasonable doubt).

III.

Uttering is a separate and distinct offense from forgery. See Bateman v. Commonwealth, 205 Va. 595, 599, 139 S.E.2d 102, 105 (1964).  "It is an assertion by word or action that a

writing known to be forged is good and valid."  Id. at 600, 139 S.E.2d at 106.  The evidence proved that Dillard gave the forged check to the teller as payment for his purchases.  Thus, the evidence was sufficient to prove beyond a reasonable doubt the offense of uttering.

For these reasons, we affirm the convictions.

Affirmed.