COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


IRA DALE BENNETT

                                                                OPINION BY
v.        Record No. 0309-05-3             JUDGE SAM W. COLEMAN III
                                                                JUNE 27, 2006
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                                  Joseph W. Milam, Jr., Judge

              Catherine E. P. Haas, Assistant Appellate Defender (Virginia
              Indigent Defense Commission, on briefs), for appellant.

              Susan L. Parrish, Assistant Attorney General (Judith Williams
              Jadgmann, Attorney General, on brief), for appellee.


        In a bench trial, Ira Dale Bennett was convicted of uttering a forged public record in

violation of Code § 18.2-168.  On appeal, appellant challenges the sufficiency of the evidence to

support his conviction.[1]  This case presents a novel question – that is whether the act of signing a

false name on an electronic screen, which constitutes a forgery, is also an uttering since the act of

signing the screen initiates the transaction to obtain the forged public document.  Finding that the act

of signing causes the forged document to be created, we hold that the act of signing the screen

constitutes an uttering.  Therefore, we affirm appellant's conviction.

--------

[1] In a simultaneous proceeding, appellant entered guilty pleas and was convicted of two
counts of forgery and an additional count of uttering in violation of Code § 18.2-168.  Appellant
does not challenge these convictions on appeal.

FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Bennett entered a Virginia Department of Motor Vehicles (DMV) office in Danville, Virginia intending to apply for a commercial license. Using the name and identifying information of "Leroy Swann," Bennett completed and submitted an application for the license. Bennett took the test required for a commercial license, but failed. He then amended his application to request a duplicate driver's license. In the course of processing this application, a DMV clerk had Bennett stand in front of a camera for a photograph and then sign a computer screen bearing his digitalized image. Bennett signed the computer screen by forging the signature, "Leroy Swann." As a result of forging the signature on the computer screen, the computer generated a duplicate driver's license with the name "Leroy Swann." The DMV clerk produced the license; however, Bennett had left the DMV office without receiving or accepting the fraudulently produced license.

## ANALYSIS

Bennett contends that the single act of affixing the forged signature to the computer screen could not constitute both a forgery and uttering a forged public record.

Code § 18.2-168, which proscribes the offense of uttering a forged public record, provides in pertinent part: "If any person forge a public record . . . or utter, or attempt to employ as true, such forged record . . . knowing the same to be forged, he shall be guilty of a Class 4 felony." Admitting that he forged the signature of Leroy Swann on the DMV computer screen, Bennett contends he was not guilty of uttering the forged document because he did nothing other

than sign the false or forged name, and did nothing further to cause the forged signature to generate the license. Moreover, he never received or used the forged license.

This Court has not previously considered whether the application of a false signature to a computer screen, which constitutes forgery, can also constitute the crime of uttering under Virginia law. The parties cite no cases from other jurisdictions addressing this specific issue, and we are aware of none.

Under Virginia law, "[u]ttering is a separate and distinct offense from forgery." Dillard v. Commonwealth, 32 Va. App. 515, 519, 529 S.E.2d 325, 327 (2000). Forgery "is defined as 'the false making or materially altering with the intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 27 Va. 171, 173, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)). By contrast, the crime of uttering does not require proof that the defendant produced or altered a writing. See Dillard, 32 Va. App. at 519, 529 S.E.2d at 327. Although the term is not defined by statute, the Supreme Court of Virginia has found uttering to be "an assertion by word or action that a writing known to be forged is good and valid." Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964). Moreover,

> *any* assertion or declaration, by word or act, *directly or indirectly*, that the forged writing or endorsement is good, with such knowledge and intent, is an uttering or attempting to employ as true the said writing or endorsement; provided that such assertion or declaration was made in the prosecution of the purpose of obtaining the [object] mentioned in the said writing.

Sands v. Commonwealth, 61 Va. (20 Gratt.) 800, 823-24 (1871) (emphases added). "A forged instrument is uttered when it is offered to another as genuine, without regard to whether it is so accepted." 4 Charles E. Torcia, Wharton's Criminal Law § 496 (15th ed. 1996).

Bennett argues that to sustain his conviction the Commonwealth was required to prove he "put the forged document into circulation." The definition of "uttering" accepted by Virginia courts contains no requirement that a forged instrument be negotiated, however. See Bateman, 205 Va. at 600, 139 S.E.2d at 106; Sands, 61 Va. at 823-24.

As part of the procedure to obtain a duplicate license, Bennett was required to stand for a photograph and then sign the computer screen before him. The record contains no evidence that any further action was required of Bennett to complete the process of obtaining the license.[2] After the forged driver's license was produced, the DMV clerk attempted to present it to Bennett; however, he had left and did not accept it. We hold that, in signing the false name on the computer screen and completing the application process, Bennett asserted to the DMV agent that the false name on the screen was good and valid, and he thereby instituted the process that produced the fraudulent license. Uttering was completed simultaneously with the forgery because the forged signature on the electronic screen was being "employed as true" in order to generate the false public record. The crime of uttering a public record was then complete. See Bateman, 205 Va. at 600, 139 S.E.2d at 106; Sands, 61 Va. at 823-24.

Thus, we affirm the uttering conviction.

Affirmed.

---

[2] Bennett asserts that the DMV clerk "cannot complete the process until the person clicks 'submit' to transmit the information to the clerk." The record contains no evidence that such a step was required to complete the process. In either event, Bennett initiated the process to create the forged document and to cause it to be issued.