COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


JAY WILLIAM MASSENGALE

MEMORANDUM OPINION* BY
v.       Record No. 3175-05-2          JUDGE ROBERT P. FRANK
                                        MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Pamela S. Baskervill, Judge

Mary K. Martin for appellant.

Josephine F. Whalen, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jay William Massengale, appellant, was convicted in a bench trial of uttering in violation of

Code § 18.2-172. On appeal, he contends the trial court erred in finding the evidence sufficient to

convict. Specifically, he argues the Commonwealth failed to establish that he had actual

knowledge that he was uttering a forged document. For the reasons stated, we affirm the

conviction.

In accord with settled standards of appellate review, we view the evidence in the light

most favorable to the Commonwealth, the party prevailing below. Yopp v. Hodges, 43 Va. App.

427, 430, 598 S.E.2d 760, 762 (2004). So viewed, the evidence establishes that Pamela Fogel,

granddaughter of Lloyd and Barbara Gilliland, stole several blank checks from her grandparents.

She made check number 2877 payable to appellant in the amount of $190 and signed the check

"Barbara Gilliland." The memo line of the check contained the word "housework."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant endorsed the check in his own name and presented it for payment at the Rohoic branch of a Virginia bank. Cindy Overstreet, an employee of the bank who knew appellant, testified that she asked appellant for identification prior to cashing the check and giving him $190. Appellant commented to her that he "was fortunate that he was able to do some work for Mrs. Gilliland."

The Gillilands testified that Ms. Fogel did not have permission to write the check, present it for payment, or receive funds. Additionally, they never gave anyone permission to write a check to appellant, and Mrs. Gilliland never directed Ms. Fogel to sign "Barbara Gilliland" to check number 2877.

The trial court found that there was sufficient credible evidence to conclude that appellant did not perform "housework" for Mr. and Mrs. Gilliland.

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The Commonwealth must prove that the defendant uttered, or attempted to employ as true, a forged writing, "knowing it to be forged." Code § 18.2-172. Uttering is "an assertion by word or action that a writing known to be forged is good and valid." Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964). "The fact that an instrument was forged, made payable to the defendant, and endorsed by him, is sufficient evidence of the

defendant's intent to defraud the drawee." Fitzgerald v. Commonwealth, 227 Va. 171, 174, 313 S.E.2d 394, 395 (1984). Further,

> "*any* assertion or declaration, by word or act, *directly or indirectly*, that the forged writing or endorsement is good, with such knowledge and intent, is an uttering or attempting to employ as true the said writing or endorsement; provided that such assertion or declaration was made in the prosecution of the purpose of obtaining the [object] mentioned in the said writing."

Bennett v. Commonwealth, 48 Va. App. 354, 357, 631 S.E.2d 332, 333 (2006) (emphases and alteration in original) (quoting Sands v. Commonwealth, 61 Va. (20 Gratt.) 800, 823-24 (1871)).

Appellant presented a forged check to the bank for payment.[1] Had appellant been entitled to the $190, there would have been no need for Ms. Fogel to make a check payable to him and forge her grandmother's name. It is reasonable to conclude that if the work had been performed, Barbara Gilliland would have written and signed a legitimate check to appellant.[2] Under the circumstances presented here, it was reasonable for the trial court to conclude that Ms. Fogel wrote "housework" as a pretense and that appellant never performed any work for Mrs. Gilliland.

The foregoing evidence supports the trial court's conclusion that by endorsing the check referencing "housework," while knowing that he did not perform any housework, appellant knew the check was forged. Additionally, the trial court was permitted to consider appellant's false statement to Overstreet as an attempt to make a forged check appear authentic. "A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991).

---

[1] The undisputed evidence at trial showed that Pamela Fogel forged her grandmother's name to check number 2877.

[2] There is nothing in the record to suggest that Mrs. Gilliland was unable to sign checks for her bills and debts.

Thus, the Commonwealth's evidence was sufficient to show that appellant, knowing the check was forged, presented it with the intent to defraud. Accordingly, appellant's conviction for uttering is affirmed.

<u>Affirmed.</u>