COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Humphreys and Senior Judge Coleman
Argued by teleconference


KENNETH TYRONE McCAIN

MEMORANDUM OPINION[*] BY
v.     Record No. 0536-09-1                       JUDGE LARRY G. ELDER
                                                  OCTOBER 12, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Robert B. Cromwell, Jr., Judge

Jack A. Thornton, III, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kenneth Tyrone McCain (appellant) challenges the sufficiency of the evidence

supporting his convictions for forgery and uttering, both in violation of Code § 18.2-172.  On

appeal, he argues the evidence does not support 1) the conviction for forgery because the

negotiable instrument did not contain a valid signature; and 2) the conviction for uttering because

appellant made no fraudulent assertion of his identity.  Because the evidence sufficiently

supports the jury's findings of guilt on both counts, we affirm appellant's convictions.

I.

ANALYSIS

Appellant challenges the sufficiency of the evidence supporting his convictions for

forgery and uttering.  "When examining a challenge to the sufficiency of the evidence, an

appellate court must review the evidence in the light most favorable to the prevailing party at

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial and consider any reasonable inferences from the facts proved." Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). We may reverse "a jury's verdict only when the ruling is plainly wrong or without evidence to support it." Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 704 (2006).

A.

FORGERY

Appellant contends the crime of forgery cannot be committed without a signature. Appellant reasons that signing the check with an apparent social security number rendered the check invalid on its face and, therefore, not the subject of a forgery. Relying on statutory construction principles, appellant cites to Code §§ 8.3A-103 and -104 to support his contention that the requirements for a valid negotiable instrument contained therein trump the statutory requirements for forgery under Code § 18.2-172. We disagree.

A person is criminally liable under Code § 18.2-172 if he "forge[s] any writing, . . . to the prejudice of another's right, or utter[s], or attempt[s] to employ as true, such forged writing, knowing it to be forged." Forgery "is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 264 (1964)). "[A]n instrument is one of legal efficacy, within the rules relating to forgery, where by any possibility it may operate to the injury of another." Gordon v. Commonwealth, 100 Va. 825, 829, 41 S.E. 746, 748 (1902). However, an instrument that is facially invalid cannot be the subject of a forgery. See Terry v. Commonwealth, 87 Va. 672, 674, 13 S.E. 104, 105 (1891).

We reject appellant's argument that a check must strictly follow the requirements of a negotiable instrument under Code § 8.3A-104[1] in order for it to be the subject of a forgery. Virginia jurisprudence makes clear that "[i]t is immaterial . . . whether the paper in question was or was not a valid negotiable instrument." Gordon, 100 Va. at 830, 41 S.E. at 748. In other words, a technical deficiency in the instrument itself does not automatically render the evidence insufficient to support a conviction for forgery as a matter of law. See Hanbury v. Commonwealth, 203 Va. 182, 186-87, 122 S.E.2d 911, 914 (1961) (rejecting the defendant's argument that the forged rubber stamp lacked apparent legal efficacy where it contained notable variations from the genuine stamp required for the sale of cigarettes); Muhammed v. Commonwealth, 13 Va. App. 194, 197, 409 S.E.2d 818, 820 (1991) ("The fact that a document may be so irregular that a bank would be justified in refusing payment . . . does not mean that the writing lacks apparent legal efficacy."). Rather, the controlling inquiry is whether "'the resemblance to the genuine instrument is sufficiently close that there is a bare possibility of

---

[1] In pertinent part, Code § 8.3A-104(a) defines a "negotiable instrument" as

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
>   (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
>   (2) is payable on demand or at a definite time; and
>
>   (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

imposing the instrument on another as genuine.'" Muhammad, 13 Va. App. at 199, 409 S.E.2d at 821 (quoting 36 Am. Jur. 2d Forgery § 21 (1968)).

In Muhammad, this Court recognized that "[n]o definition of forgery can be comprehensive enough to include all the crimes that may be committed by simple use of pen, paper, and ink." Id. at 198, 409 S.E.2d at 821. There, the forged check contained the true owner's name and address imprinted at the top left corner. The defendant's name and address appeared on the front as the payee, and the back of the check contained a handwritten endorsement showing appellant's name and address. However, the line on which the drawer's signature normally appears did not contain a signature. We held that this deficiency did not render the instrument "'so defective on its face that, as a matter of law, it is not capable of defrauding anyone.'" Id. at 199, 409 S.E.2d at 821 (quoting Mayes v. State, 571 S.W.2d 420, 427 (Ark. 1978)). Rather, we stated that "a form company check bearing its name and address clearly printed on the face thereof, appearing to be payable[,] . . . duly endorsed by the named payee and presented for payment, clearly has *apparent* legal efficacy." Id.

Here, appellant paid for several items using a check that belonged to John Hatch and received cash back for the remaining balance. This purported forged check is similar to the forged check in Muhammad. Appellant made the check payable to Food Lion as payment for the goods, the check contained Hatch's name and address imprinted on the top left corner, and appellant transferred title to the instrument by endorsing the signature line with what appeared to be a social security number.[2] By endorsing the check with a unique identifying mark, appellant warranted that he had good title to the instrument and that it had not been materially altered. See Code § 8.3A-417. Appellant's tendering of the check indisputably operated to the prejudice of

_____

[2] The record does not disclose whose social security number appellant used, as the number does not correspond to the social security number of either appellant or Hatch.

- 4 -

Hatch's rights because his actions depleted Hatch's funds to such an extent that the account was overdrawn. Further, Hatch had not authorized appellant to use his checkbook to make any purchases or receive cash back.[3] The record further demonstrates the check's apparent legal efficacy in that the cashier actually validated the check after "look[ing] over the numbers to make sure that the amount was right and that it was to Food Lion." See Hanbury, 203 Va. at 187, 122 S.E.2d at 915 (noting that the defendant's use of the forged rubber stamp "not only [had] a possibility that it would operate to the injury of the [victim], but in reality it did so operate"). Accordingly, we hold the check was of sufficient apparent legal efficacy to support the jury's finding that appellant was guilty of forgery.

B.

UTTERING

Appellant argues the evidence is insufficient to support his conviction for uttering because he did not identify himself when he tendered the check as payment. Thus, appellant contends he did not "ma[k]e [an] independent attempt to defraud." Referring to his first assignment of error, appellant further avers "that in order to be convicted of uttering, the writing that is the basis for the conviction must, in fact, be a forgery." Brown v. Commonwealth, 56 Va. App. 178, 188, 692 S.E.2d 271, 276 (2010).

"Uttering, a separate and distinct offense [from forgery] is 'an assertion by word or action that a writing known to be forged is good and valid.'" Oliver v. Commonwealth, 35 Va. App. 286, 295, 544 S.E.2d 870, 874-75 (2001) (quoting Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964)). Unlike forgery, "the crime of uttering does not require proof

---

[3] Although appellant testified that Hatch had given him permission to use several of his checks to make purchases, the jury was "entitled to disbelieve [appellant's] self-serving testimony . . . and to conclude that [he was] lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

that the defendant produced or altered a writing." Bennett v. Commonwealth, 48 Va. App. 354, 357, 631 S.E.2d 332, 333 (2006). Rather, "'*any* assertion or declaration, by word or act, *directly or indirectly*, that the forged writing or endorsement is good, with such knowledge and intent, is an uttering or attempting to employ as true the said writing or endorsement . . . .'" Id. (quoting Sands v. Commonwealth, 61 Va. (20 Gratt.) 800, 823-24 (1871)); see Warren v. Commonwealth, 219 Va. 416, 422, 247 S.E.2d 692, 695 (1978) ("A check is uttered when it is put into circulation.").

Here, the evidence supports the jury's finding that appellant uttered a check he knew to be forged. As discussed above, the evidence proved that appellant forged the check to pay for items without authority to do so. See Walker v. Commonwealth, 25 Va. App. 50, 59, 486 S.E.2d 126, 131 (1997) ("[P]ossession of the forged check allows the inference that [the accused] knew it to be forged."). Appellant admitted that he filled in the check and used a series of numbers for a signature. Although the check was payable to Food Lion and not appellant, appellant received several items and cash back in exchange for the check. By tendering the check as part of this transaction, appellant clearly represented that the check, which he knew to be forged, was valid. It is immaterial that appellant did not identify himself as the true owner of the check. As the Commonwealth accurately states, no requirement exists that one must impersonate the drawer or the drawee in order to be guilty of placing a forged check into circulation. Instead, appellant's actions alone were sufficient to complete the crime of uttering.

II.

CONCLUSION

The evidence is sufficient to support the jury's findings that appellant forged the check and placed it into circulation as a valid instrument. Accordingly, we affirm appellant's convictions for forgery and uttering.

<u>Affirmed.</u>