COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Alston

ARNOLD ROSCOE WALKER

MEMORANDUM OPINION[*] BY

v.      Record No. 0612-13-1          JUDGE ROSSIE D. ALSTON, JR.
                                      APRIL 1, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

(Suzanne Moushegian, Deputy Public Defender; Office of the
Public Defender, on briefs), for appellant.  Appellant submitting on
briefs.

(Kenneth T. Cuccinelli, II, Attorney General; Leah A. Darron,
Senior Assistant Attorney General, on brief), for appellee.
Appellee submitting on brief.


Arnold Roscoe Walker (appellant) appeals his convictions of uttering, in violation of

Code § 18.2-172, and obtaining money by false pretenses, in violation of Code § 18.2-178.  On

appeal, appellant contends that the evidence was insufficient to support either conviction because

the Commonwealth did not establish that any forged or fraudulent draft or instrument was ever

presented or passed by appellant.  For the reasons that follow, we affirm appellant's convictions.

I.  Background[1]

When reviewing a challenge to the sufficiency of the evidence to support a conviction,

this Court views the evidence in the light most favorable to the Commonwealth as the prevailing

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of this
appeal.

party below, granting to it all reasonable inferences drawn from that evidence. See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

So viewed, the evidence at trial proved that on July 12, 2012, appellant cashed a check drawn on the account of Rick's Concrete at the Community Bank in Virginia Beach. Appellant signed the check and passed it, as well as his license, to the teller, Timothy McDaniel, who recorded appellant's information under appellant's endorsement on the back side of the check. McDaniel explained at trial that while processing the check, he observed a discrepancy between the listed numerical value of $1,180.99 and the written amount of $1,080.99. McDaniel informed appellant that he could cash the check only for the written amount ($1,080.99), and appellant responded that he "was fine with that." McDaniel accepted the check and paid appellant $1,080.99 in cash.

Shortly thereafter, Rickey Rouse, who employed appellant as a concrete finisher with Rick's Concrete, discovered that a check he made payable to appellant for $180.99 was cashed for a much greater amount. Rouse filed a complaint with the Virginia Beach Police Department. He provided the department with a copy of the check he issued to appellant that he believed was altered. Rouse also revealed appellant's employment with Rick's Concrete.

Detective Jeffrey Meador investigated Rouse's complaint. He spoke with both Rouse and McDaniel. Detective Meador also spoke with appellant, who denied altering the check but added that the check "was supposed to be more than [Rouse stated] because Mr. Rouse had given him a loan." Appellant explained that he had worked for Rouse for "a few months" and received an average pay of $680 per week. Appellant was subsequently arrested and charged with forgery, uttering, and obtaining money by false pretenses.

During appellant's bench trial,[2] McDaniel recalled that the sequential number of the check appellant presented was 8378 and that it was drawn on the account of Rick's Concrete. McDaniel also identified a photocopy of the check at trial, though neither the photocopy nor the original check was introduced into evidence.[3]

Rouse testified that he had employed appellant for two weeks as a concrete finisher. Rouse explained that he paid appellant in cash for the first week's work and by check dated July 12, 2012, for the second week. He further testified that the check for appellant's second week of work was the only check he paid to appellant. Rouse testified that the check was written for $180.99. Rouse also explained that "even if [appellant] had worked a full week, it would have been like not even half of [$1,080.99]." Rouse denied loaning any amount of money to appellant and stated explicitly that appellant was not entitled to funds from Rick's Concrete in excess of $180.99.

Following the Commonwealth's case-in-chief, appellant raised a motion to strike all of the charges, which the trial court denied. Appellant did not present any evidence and renewed his motion to strike at the conclusion of the trial. Appellant argued that the Commonwealth had not provided evidence of a forged instrument or draft before the trial court. The trial court denied in part and granted in part appellant's motion, finding appellant guilty of uttering and obtaining money by false pretenses but not guilty of forgery.

---

[2] Appellant raised numerous objections at trial regarding the admission of certain evidence. Appellant's alleged evidentiary errors include - but are not limited to – the trial court's decision to permit the Commonwealth to refresh McDaniel's and Rouse's recollections by repeated viewings of a photocopy of the check at issue and to allow the witnesses to testify about the photocopy of the check, which appellant contends was inadmissible hearsay. For the reasons expressed below, we do not address the merits of appellant's evidentiary arguments.

[3] The photocopy was not admitted into evidence, though it was used to refresh the witnesses' recollection of the July 12, 2012 events.

Appellant thereafter filed a petition for appeal, which this Court granted, raising the following assignments of error:

> I. The evidence was insufficient to prove that appellant was guilty of uttering because the evidence did not establish that any forged or fraudulent draft or instrument was ever presented or passed by appellant.
>
> II. The evidence was insufficient to prove that appellant was guilty of obtaining money by false pretenses because the evidence did not establish that any forged or fraudulent draft or instrument was ever presented or passed by appellant.

This appeal followed.

## II. Analysis

### A. Scope of Appellate Review

Appellant contends that the evidence was insufficient to support his convictions because the Commonwealth failed to prove that any forged or fraudulent draft or instrument was ever presented or passed by appellant. In support of his argument, appellant asserts that the trial court improperly admitted evidence without which the Commonwealth could not prove the charged offenses. He contends that the trial court erred in allowing the witnesses to refresh their recollection of the July 12, 2012 events by repeated viewings of a photocopy of the check presented by appellant. He argues that neither McDaniel nor Rouse "had an independent recollection of the details of the check." Appellant's Br. at 15-16. Appellant further asserts that the trial court erred in permitting the witnesses to testify about the photocopy, as it contained inadmissible hearsay.

The Commonwealth contends that appellant's admissibility arguments were not encompassed within the assignments of error granted by this Court. Accordingly, the Commonwealth argues that appellant's admissibility arguments cannot be considered as a basis for reversal. We agree.

- 4 -

Rule 5A:20(c) requires an appellant to include in his opening brief "[a] statement of the assignments of error." The assignments of error "'point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points.'" Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995)). In short, an appellant must "lay his finger on the error." Id. And having done so, the appellant is bound by the terms of his assignments of error. Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 698 n.1, 722 S.E.2d 301, 304 n.1 (2012) ("[W]e only address arguments encompassed by an appellant's express 'assignment of error' in his brief." (citing Rule 5A:20(c))); see Macrimore v. Alexandria Dept. of Soc. Servs., 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (holding that we do not address issues that are not encompassed by an assignment of error).

Appellant's arguments on brief that the trial court erred in admitting certain evidence are not encompassed by the assignments of error before this Court, which address only the sufficiency of the evidence.[4] Accordingly, we do not consider whether the trial court erred in overruling appellant's objections to certain evidence admitted at trial.[5]

---

[4] Citing Rushing v. Commonwealth, 284 Va. 270, 726 S.E.2d 333 (2012), appellant contends that the assignments of error properly direct this Court's attention to the sufficiency of the evidence and the review of erroneously admitted evidence.

In Rushing, the Supreme Court held that while it is better practice to assign error separately "when both evidentiary error and sufficiency questions are appealed," an appellant nonetheless may properly "contend (1) that evidence was entered erroneously and (2) without that error the record would not contain evidence sufficient to support the conviction." Id. at 277-78, 726 S.E.2d at 338.

Here, appellant did neither. Appellant did not separately assign error to the trial court's evidentiary rulings, nor did appellant state in his assignments of error that the trial court erred in admitting evidence and "without that error the record would not contain evidence sufficient to support the conviction." Id. Rather, appellant argued only that the evidence presented at trial was insufficient to support his convictions. Rushing therefore does not apply here.

[5] In his reply brief, appellant requested leave to amend his assignments of error to include language referencing the trial court's evidentiary rulings. Appellant's Rep. Br. at 8. Though this

B. Sufficiency of the Evidence

Having concluded that appellant's arguments challenging the admission of certain evidence at trial are not properly before this Court, we turn our attention to the sufficiency of the evidence.[6] Appellant contends that the Commonwealth's evidence was insufficient to convict him of uttering and obtaining money by false pretenses because the Commonwealth did not establish that he presented or passed a forged or fraudulent draft or instrument. For the following reasons, we disagree.

When the sufficiency of the evidence is challenged on appeal, we "'review the evidence in the light most favorable to the party prevailing at trial and consider any reasonable inferences from proven facts.'" Calloway v. Commonwealth, 62 Va. App. 253, 261, 746 S.E.2d 72, 76 (2013) (quoting Towler v. Commonwealth, 59 Va. App. 284, 290, 718 S.E.2d 463, 467 (2011)). "[W]e 'presume the judgment of the trial court [is] correct, and will not set it aside unless it is plainly wrong or without evidence to support it.'" Chambliss v. Commonwealth, 62 Va. App. 459, 465, 749 S.E.2d 212, 215 (2013) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-87 (2002)). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Rather, the issue on appeal is "whether the record contains evidence from which *any* 'rational trier of fact could have found the essential elements of the

---

Court "may entertain a motion to amend an assignment of error," Whitt v. Commonwealth, 61 Va. App. 637, 655, 739 S.E.2d 254, 263 (2013), we decline to do so here, where the request was first made at the close of briefing and on the eve of oral argument.

[6] Appellant's challenge to the sufficiency of the evidence for both uttering and obtaining money by false pretenses is the same: that the Commonwealth did not establish that any forged or fraudulent draft or instrument was ever presented or passed by appellant. Accordingly, we address the sufficiency of the evidence for each of appellant's convictions under the same analysis.

crime beyond a reasonable doubt.'" Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (emphasis added) (quoting Jackson, 443 U.S. at 319).

Uttering is "'an assertion by word or action that a writing known to be forged is good and valid.'" Bennett v. Commonwealth, 48 Va. App. 354, 357, 631 S.E.2d 332, 333 (2006) (quoting Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964)); see Code § 18.2-172. "Forgery 'is defined as "the false making or materially altering with the intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'"" Id. (quoting Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984)). Code § 18.2-178 proscribes as larceny "obtain[ing], by any false pretense or token, from any person, with intent to defraud." To be convicted of obtaining money by false pretense, the evidence must prove that a defendant made a false representation of an existing fact with knowledge of its falsity and thereby obtained money from another person. See Reigert v. Commonwealth, 218 Va. 511, 518-19, 237 S.E.2d 803, 807-08 (1977).

"In a prosecution for forging or altering any instrument . . . or attempting to employ as true any forged instrument," it is not necessary "to set forth a[] copy" of the instrument. Code § 19.2-224. Rather, "it [is] sufficient to describe the [instrument] in such manner as would sustain an indictment." Id. Moreover, "[w]hile no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)). Furthermore, such evidence may be entirely circumstantial in nature. See Salcedo v. Commonwealth, 58 Va. App. 525, 535, 712 S.E.2d 8, 12 (2011) ("'Circumstantial evidence presented during the course of trial is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis

except that of guilt.'" (quoting Holloway v. Commonwealth, 57 Va. App. 658, 665, 705 S.E.2d 510, 513 (2011) (*en banc*))).

Here, the evidence established that on July 12, 2012, Rouse made a check payable to appellant in the amount of $180.99. The check was drawn against the account of Rick's Concrete. It was the only check Rouse ever issued to appellant; Rouse otherwise paid appellant in cash.

Later that same day, appellant cashed the check at Community Bank. McDaniel testified that he observed appellant sign and present the check. The check was sequentially numbered 8378, drawn against the account of Rick's Concrete, and made payable to appellant. McDaniel further testified that as he processed the check, he observed a discrepancy concerning the check's value: the check was written for $1,080.99, but listed a numerical value of $1,180.99. McDaniel cashed the check for the written (lower) amount.

After learning that the check was cashed for $1,080.99, Rouse contacted the Virginia Beach Police Department. He explained the situation to Detective Meador. Detective Meador interviewed appellant soon thereafter. Detective Meador explained to appellant that "the check was supposed to be for $180.99." Appellant asserted that the check "was supposed to be more than that because Mr. Rouse had given him a loan." Appellant denied altering the check.

At trial, Rouse testified that appellant was not entitled to funds in excess of $180.99 from Rick's Concrete. He explained that "even if [appellant] had worked a full week, it would have been like not even half of [$1,080.99]." Rouse denied loaning money to appellant.

From this evidence, the trial court was entitled to find that appellant knew the check had been materially altered (and thus forged), that he nevertheless presented the check as good, and that he succeeded in cashing the check. Thus, we hold that the evidence presented in this case

was sufficient to prove beyond a reasonable doubt that appellant was guilty of uttering and obtaining money by false pretenses.

<u>Affirmed.</u>