COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued by teleconference

MORGAN SINCLAIR GOODWIN

v.      Record No. 0190-14-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARLA GRAFF DECKER
FEBRUARY 3, 2015

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Paul M. Peatross, Jr., Judge Designate

Duane Barron, Deputy Public Defender, for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Morgan Sinclair Goodwin appeals his three convictions for uttering a public record, in

violation of Code § 18.2-168.  He argues that the Commonwealth failed to present sufficient

evidence to prove that he did anything other than sign three summonses with a false name.  The

appellant suggests that his actions did not constitute utterings under Virginia law because the

evidence failed to prove that he acted with the "purpose of obtaining the [object] mentioned" in

the summonses.  We hold that the evidence was sufficient to prove that the appellant uttered

public records.  Specifically, the record supports the conclusion that the appellant, through his

actions, asserted that his false signatures on the summonses were good and valid.  These actions

were sufficient to prove uttering.  Therefore, we affirm the convictions.

I.  BACKGROUND

On appeal of a challenge to the sufficiency of the evidence, this Court views the record in

the light most favorable to the Commonwealth, the prevailing party at trial.  Stevenson v.

Commonwealth, 258 Va. 485, 488, 522 S.E.2d 368, 368 (1999); Henry v. Commonwealth, 63

PUBLISHED

Va. App. 30, 35, 753 S.E.2d 868, 870 (2014). To do so, we "'discard all evidence of the accused that conflicts with that of the Commonwealth.'" Henry, 63 Va. App. at 37, 753 S.E.2d at 871 (quoting Holcomb v. Commonwealth, 58 Va. App. 339, 346, 709 S.E.2d 711, 714 (2011)). The Court also accepts as true all the credible evidence favorable to the prosecution as well as all fair inferences in support of the conviction that may be drawn from the record. Id. Viewed under this standard, the evidence is as follows.

On November 8, 2012, Deputy Scott Craig of the Augusta County Sheriff's Department stopped the appellant's vehicle for a speeding violation. Before Deputy Craig approached the automobile, the appellant, who was driving, got out of the car. The appellant turned, placed his hands behind his back, and announced that he did not have a driver's license.

The deputy assured him that driving without a license did not necessarily warrant an arrest. The appellant identified himself as Christopher Venable, stated that he was from New York, and provided Deputy Craig with a date of birth and social security number. Due to technical difficulties with equipment, Craig was unable to verify the out of state information with dispatch.

The deputy issued three summonses to the appellant in the name of Christopher Venable for speeding, driving without an operator's license, and failure to wear a seatbelt. The appellant signed the summonses as "Christopher Venable" and returned them to Deputy Craig. He signed each document below two pre-printed sentences: "I promise to appear at the time and place shown above, signing this summons is not an admission of guilt. I certify that my current mailing address is as shown below." Two of the documents included "checked" boxes informing the recipient that he could avoid going to court if he followed the accompanying instructions.

Over a month later, Deputy Craig learned the appellant's true identity. The appellant had represented himself as Christopher Venable during a separate encounter with Officer Robert

Dean of the Waynesboro Police Department. When Dean saw the name Christopher Venable on a recent record, he contacted Deputy Craig and provided the deputy with the appellant's actual name.

At the completion of the Commonwealth's case, the appellant moved to strike the uttering charges, alleging that the evidence was insufficient to support them. He argued that the Commonwealth failed to prove that he sought to obtain an "object mentioned in the [forged] writing." The court denied the motion. During closing arguments, the appellant renewed the motion. The trial court again denied the motion, holding that the forgeries were "the signature[s] of Christopher Venable." The court further explained that the appellant "intended to have the officer believe that" he was Christopher Venable "and handed [them] back with that false impression" and "that was the object of his uttering."

The court convicted the appellant of three counts of uttering a public record, in violation of Code § 18.2-168.[1] He was sentenced to a total of nine years in prison for these offenses, with eight years suspended.

## II. ANALYSIS

The appellant argues that the evidence was insufficient to prove uttering.[2] Relying on Bennett v. Commonwealth, 48 Va. App. 354, 357, 631 S.E.2d 332, 333 (2006), he suggests that an uttering occurs only when the act was "made in the prosecution of the purpose of obtaining the [object] mentioned in the said writing." The Commonwealth responds that "uttering," as used in the statute at issue, is complete upon proof of "an assertion by word or action that a writing known to be forged is good and valid."

---

[1] The appellant's convictions for forging public records are not challenged in this appeal.

[2] The appellant does not contest that the traffic summonses are public records. See Rodriquez v. Commonwealth, 50 Va. App. 667, 671, 653 S.E.2d 296, 298 (2007) (holding that the summonses issued to the defendant were "public records" under Code § 18.2-168).

The relevant facts are not in dispute. Rather, the question in this appeal is whether the facts of this case meet the definition of "uttering" under Code § 18.2-168. In order to resolve this issue, we must determine the applicable definition of "uttering," and then review the relevant evidence supporting the appellant's convictions to ascertain whether it was sufficient to prove that he uttered the forged summonses.[3]

### A. Meaning of Uttering for Purposes of the Statute

The interpretation of a statute is a question of law which this Court reviews *de novo* on appeal. Baker v. Commonwealth, 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009); Belew v. Commonwealth, 62 Va. App. 55, 62, 741 S.E.2d 800, 803 (2013). Generally, an undefined statutory term "'must be given its ordinary meaning, given the context in which it is used.'" Lawlor v. Commonwealth, 285 Va. 187, 237, 738 S.E.2d 847, 875 (2013) (quoting Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007)).

Code § 18.2-168, in pertinent part, forbids "any person [from] forg[ing] a public record . . . or [from] utter[ing], or attempt[ing] to employ as true, such forged record . . . knowing the same to be forged." The code section prohibits two distinct offenses: forging a public record and uttering, or attempting to employ as true, the forged record.[4] Bennett, 48 Va. App. at 357, 631 S.E.2d at 333; see also Bateman v. Commonwealth, 205 Va. 595, 599, 139 S.E.2d 102, 105

---

[3] We do not consider the Commonwealth's contention that under Rule 5A:18, the appellant procedurally defaulted any argument that the evidence was insufficient to prove that he made the requisite assertion because Deputy Craig took the documents from him. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."). Although the Commonwealth's point that the appellant did not raise this issue below is well founded, the appellant acknowledged at oral argument that he did not intend to raise that argument on brief. (Oral Argument Audio at 22:52).

[4] A separate statute, Code § 18.2-172, prohibits the forgery and uttering of instruments other than public records and currency. See, e.g., Beiler v. Commonwealth, 243 Va. 291, 415 S.E.2d 849 (1992) (affirming convictions under Code § 18.2-172 for forging and uttering two checks).

- 4 -

(1964) (holding that Code § 18.1-96 (1960), the precursor to Code § 18.2-172, "list[ed] two offenses in the disjunctive: one, forgery, and the other, uttering or attempting to employ as true a forged writing").

The Supreme Court of Virginia considered the definition of "uttering" in Bateman, 205 Va. 595, 139 S.E.2d 102. The Court referenced Black's Law Dictionary's entry on uttering, "'[t]o put or send [as a forged check] into circulation[;] . . . to utter and publish.'" Id. at 599-600, 139 S.E.2d at 106 (first and second alterations in original) (quoting Black's Law Dictionary 1716 (4th ed. 1957)). See generally Elliott v. Commonwealth, 277 Va. 457, 463, 75 S.E.2d 178, 182 (2009) ("When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated."). The Court ultimately defined an uttering as "an assertion by word or action that a writing known to be forged is good and valid." Bateman, 205 Va. at 600, 139 S.E.2d at 106.

In Bennett, this Court applied the definition of uttering provided in Bateman in the context of Code § 18.2-168. Bennett, 48 Va. App. at 357, 631 S.E.2d at 333. Bennett had submitted an application for a driver's license under an alias. Id. During the application process, he signed a false name on "a computer screen bearing his digitalized image." Id. On appeal, Bennett argued that the single act of signing the false name could not constitute both a forgery and an uttering of a public record, because he did not "put the forged document into circulation." Id. at 358, 631 S.E.2d at 333. This Court rejected that notion and explained that the forged document "'is uttered when it is offered to another as genuine, without regard to whether it is so accepted.'" Id. (quoting 4 Charles E. Torcia, Wharton's Criminal Law § 496 (15th ed. 1996)). The Court further made clear that there was "no requirement that a forged instrument be negotiated." Id. at 358, 631 S.E.2d at 334. The opinion adopted the definition of uttering

provided in Bateman, "'an assertion by word or action that a writing known to be forged is good and valid.'" Id. at 357, 631 S.E.2d at 333 (quoting Bateman, 205 Va. at 600, 139 S.E.2d at 106). The Court reasoned that the act of signing was an assertion to the Department of Motor Vehicles agent that the false name was "good and valid." Id. at 358, 631 S.E.2d at 334. The signing triggered the production of the fraudulent license and, therefore, simultaneously constituted a forgery and an uttering. Id. Thus, both the definition applied in Bennett and its ultimate holding are consistent with Bateman.

The appellant cites specific language in Bennett as controlling. The Bennett opinion does, as the appellant suggests, include language that an uttering is comprised of an assertion that a forged writing is true if the assertion "'was made in the prosecution of the purpose of obtaining the [object] mentioned in the said writing.'" 48 Va. App. at 357, 631 S.E.2d at 333 (alteration in original) (quoting Sands v. Commonwealth, 61 Va. (20 Gratt.) 800, 823-24 (1871)).[5] The appellant contends that this language signifies that in order for an action to constitute an uttering, it not only must be an assertion that a forged writing is good and valid, the action must also be

_____

[5] In Sands, the case from which the Bennett language cited by the appellant originated, the Supreme Court of Virginia reviewed convictions for forging and uttering a written document. The language from Sands that the jury should have been instructed that an assertion "is an uttering . . . provided that [it] was made in the prosecution of the purpose of obtaining the money mentioned in said writing" has no application here because the case dealt with a jury instruction specific to the Commonwealth's theory of guilt charged in the indictment. Sands, 61 Va. (20 Gratt.) at 823-24; see also Cooper v. Commonwealth, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986) (noting that jury instructions should inform the jury "'as to the law of the case applicable to the facts'" (quoting 75 Am. Jur. 2d Trial § 573 (1974))); cf. Shaikh v. Johnson, 276 Va. 537, 546, 666 S.E.2d 325, 329 (2008) (cautioning against using language from an appellate opinion in jury instructions). Further, Sands involved an uttering of a private financial document, not a public record. Sands, 61 Va. (20 Gratt.) at 823-24. Applying Sands to Code § 18.2-168 would be at odds with the statutory language because that language specifically encompasses the forgery and uttering of "public documents." The statute is written to include all public documents, not exclusively documents with writing pertaining to money. Indeed, Bateman, which also involved money and was decided ninety-three years after Sands, did not even cite the Sands case or the expanded language relied upon by the appellant. Bateman, 205 Va. 599-600, 139 S.E.2d at 105-06 (reviewing convictions for uttering forged checks).

done in pursuit of a goal specifically mentioned in the forged document. A full reading of the opinion, however, demonstrates that the actual analysis did not consider the purpose stated in the writing to which the defendant affixed his false signature.

The reference to the purpose mentioned in the writing was "not essential to the Court's judgment" in <u>Bennett</u> and, as such, "is unbinding dicta." <u>Sarafin v. Commonwealth</u>, __ Va. __, __, 764 S.E.2d 71, 77 (2014). In other words, the language relied upon by the appellant does not bind this Court. <u>See, e.g.</u>, <u>Cooper v. Commonwealth</u>, 54 Va. App. 558, 571, 680 S.E.2d 361, 367-68 (2009) (explaining that dicta can be persuasive but is not controlling). Consequently, while the <u>Bennett</u> holding is instructive and consistent with the common definition of uttering, it compels a result contrary to the appellant's argument. We decline to hold, as the appellant suggests, that an uttering occurs *only* when the action is done in pursuit of a purpose specifically mentioned in the forged writing.

Our conclusion that <u>Bennett</u> did not place an additional requirement on the general statutory meaning of "uttering" and, instead, applied the common definition, is supported by <u>Bateman</u> and the many Virginia appellate opinions that reviewed uttering convictions *without* discussing the "purpose of obtaining the object mentioned" in the forged writing. <u>See, e.g.</u>, <u>Oliver v. Commonwealth</u>, 35 Va. App. 286, 295-96, 544 S.E.2d 870, 874-75 (2001) (affirming uttering conviction under Code § 18.2-172); <u>Dillard v. Commonwealth</u>, 32 Va. App. 515, 519, 529 S.E.2d 325, 327 (2000) (analyzing sufficiency of the evidence to support convictions for forging and uttering a check); <u>Ramsey v. Commonwealth</u>, 2 Va. App. 265, 269-70, 343 S.E.2d 465, 468-69 (1986) (affirming conviction for uttering a forged check); <u>see also</u> Va. Model Jury Inst. - Crim. Inst. No. G30.300. Based upon this Court's *de novo* review of the statute, we hold that in order to sustain the convictions for uttering under Code § 18.2-168, the Commonwealth was required to prove that the appellant knew that the writings were forged, yet asserted that they

were "good and valid." We next review whether the evidence supporting the uttering convictions was sufficient to prove that the appellant's actions met this definition.

## *B. Sufficiency of the Evidence*

When considering a challenge to the sufficiency of the evidence, we must affirm the decision below unless the trial court's decision was plainly wrong or lacked evidence to support it. See, e.g., Allison v. Commonwealth, 207 Va. 810, 811, 153 S.E.2d 201, 202 (1967); Henry, 63 Va. App. at 37, 753 S.E.2d at 871. In our review of the record, we accord the trial court's factual determinations "great deference." See, e.g., Towler v. Commonwealth, 59 Va. App. 284, 297, 718 S.E.2d 463, 470 (2011).

During a routine traffic stop, the appellant identified himself as Christopher Venable to Deputy Craig. The appellant told the deputy that he was from New York and provided him with a date of birth and social security number. Based on the appellant's representations, the deputy issued three summonses to the appellant under the name of Christopher Venable. The appellant signed the summonses as "Christopher Venable" and returned them to Deputy Craig. The trial court found that the appellant uttered the forged summonses when he handed them back to Deputy Craig with the intent to convey that the false signatures were true. Viewing the evidence in the light most favorable to the Commonwealth, the record supports the reasonable conclusion that, through his actions, the appellant asserted that his forged name was true and that the forged summonses were good and valid. Thus, the trial court's finding was not plainly wrong, and the convictions were supported by the evidence.

## III. CONCLUSION

We hold that the definition of uttering is "an assertion by word or action that a writing known to be forged is good and valid." Bateman, 205 Va. at 600, 139 S.E.2d at 106. Under this

definition, the evidence was sufficient for the trial court to conclude that the appellant uttered the summonses.  Therefore, we affirm the convictions for uttering a public record.

<u>Affirmed.</u>