## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

TERRY v. COMMONWEALTH.

April 16th, 1891.

1. FORGERY—*Subjects of forgery—Extrinsic circumstances.*—Forgery is the making of a false writing which, if genuine, would be apparently of legal efficacy. Writings, invalid on their face, are not subjects of forgery. If extrinsic circumstances are essential to the efficacy of the instrument, they must be averred in the indictment.
2. IDEM—*Statute construed.*—Code 1887, § 3737, predicates the offence of forgery only of such writings as are, or may be, to the prejudice of another. If it be not so, the indictment does not charge an offence.

Error to judgment of circuit court of Campbell county, refusing, on February 27th, 1891, writ of error and *supersedeas* to judgment of county court of said county, rendered November 12th, 1890, upon an indictment for forgery, whereby Joseph O. Terry, the plaintiff in error, was sentenced to confinement in the penitentiary for the term of two years. Opinion states the case.

*J. W. Riely,* and *Henry Edmunds,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The indictment here is founded on section 3737 of the Code of Virginia, 1887: "If any person forge any writing * * * to

the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be confined in the penitentiary not less than two nor more than ten years." This statute predicates the offence of forgery only of such writings as are, or may be, to the prejudice of another's right, or by which another may be defrauded. It must sufficiently appear, from the description given of the writing alleged to have been forged, that it is a writing to the prejudice of another's right; if it be not such, it is not within the statute, and the forgery of it cannot be punished as felony. (*Powell* v. *Commonwealth*, 11 Gratt., 822), citing Chitty Crim. L., 1021; 2 Russ. on Crimes, 318.

The indictment in the case at bar contains two counts—one for *forging* and the other for *uttering*, knowing it to be forged, a certain writing of the tenor following:—"Office of H. M. Smith & Co., Manufacturers of Agricultural Machinery, Richmond, Va., Feb'y 18, 1886. J. O. Terry, Esqr., Dear Sir—Yours of the 9th inst. to hand. We enclose a statement of your account. It agrees with yours very nearly, as you will see. You owe us $7.38, and you —— the note for $412. It was cancelled and sent you by mail last ——. If you did not receive it, it is probably in the dead letter office at Washington; but it was mailed, marked 'paid,' and cancelled, so it cannot be of any use to any one.

"Yours truly,

"SMITH & McGUIRE,

"Receivers.

The indictment avers that the accused, being at that time indebted to H. M. Smith & Co., forged the writing described. The paper as set out in the indictment, shows, on its face, with no averment of extrinsic circumstances to connect Smith & McGuire, receivers, with H. M. Smith & Co., that it was incapable of affecting or prejudicing the rights of H. M. Smith & Co., as defensive evidence in a suit or demand by them on any

indebtedness of the accused to them; and it does not fix, nor could it operate, any pecuniary liability upon any one. It does not refer to H. M. Smith & Co., and it could not, as before said, prejudice their rights as defensive evidence. Nor could it prejudice any right of Smith & McGuire, receivers, unless the accused was indebted to them; but the indebtedness of the accused is alleged in the indictment, not to be to them, but to H. M. Smith & Co.; and if, in fact, the accused was indebted to Smith & McGuire, receivers, it should have been so alleged in the indictment. There is no such averment, and without it, the writing is, on its face, ineffectual to prejudice their rights.

In the case of *Glass* v. *Commonwealth*, 33 Gratt., 832, the court said: "To authorize a valid conviction of an offence, it must be sufficiently charged in the indictment or information. Every material ingredient of the offence must be so charged, otherwise there can be no legal conviction in the case; for admitting the charge to be literally true, it does not follow that the accused was guilty of any offence." The judgment in that case was arrested because the offence was not sufficiently alleged in the indictment.

Forgery is the fraudulent making of a false writing, which, if genuine, would be apparently of legal efficacy. Bishop on Crim. Law (3d edition), sections 495 and 499.

The instrument must appear on its face to be, or be in fact, one which, if true, would be valid or legally capable of effecting a fraud. Writings invalid on their face are not subjects of forgery. If incomplete or uncertain on their face, so that their legal efficacy is dependent on extrinsic circumstances, then such extrinsic matters must be averred in the indictment. (Bishop's Crim. Law (3d edition), 2d Vol., sections 503, 506, 511, 505, 512.)

The writing alleged in the indictment to have been forged, is signed "Smith & McGuire, receivers." What Smith, of all the Smiths? and what McGuire? Receivers of whom? By

what authority? Can Smith & McGuire, as a partnership or firm, be made receivers? The paper bearing their signature, which is alleged to be forged, is meaningless, void, and of no legal efficacy, even if it were genuine. It is not only wanting in the legal requisites of validity were it genuine, but its meaning and terms are unintelligible from the words and characters used, and it is so incomplete and unmeaning, that it cannot be the foundation of any legal liability. (*Fomby* v. *State*, Southern Reporter, Vol. 6, p. 271.) The indictment does not charge an offence, and the trial court erred in overruling the motion to arrest the judgment, and in not discharging the prisoner from this prosecution. The order will be entered here to reverse and annul the judgment complained of, and to discharge the prisoner.

JUDGMENT REVERSED.