# CIRCUIT COURT OF SUSSEX COUNTY

Commonwealth of Virginia

v.

Antonio Green

## September 21, 2004

BY JUDGE W. ALLAN SHARRETT

The Court advised that it would review its decision in the above-referenced case to determine whether or not the instrument admittedly executed in its entirety by the defendant constituted a forgery within the context of Virginia law.

The facts are undisputed. Antonio Green, the defendant, stole a check belonging to Daniel G. Hubbard, which had Mr. Hubbard's name and address printed on it. He filled in the date, the amount, $95.00, listed his name as the payee and, on the signature line of the check, signed his name as well. The question is whether the execution of his own name on the signature line rendered the document a forgery. The defense contends that, because the check was neither signed nor purported to be signed by Mr. Hubbard, it was of no legal effect, and therefore could not be the subject of forgery. The Commonwealth contends that the check, as completed, was sufficient to constitute a forgery.

For the reasons that follow, the Court is of the opinion that the check does not constitute a forgery, and cannot therefore be the subject of prosecution for forgery or uttering.

Virginia defines forgery as the fraudulent making of a false writing, which, if genuine, would be apparently of legal efficacy. *Terry v. Commonwealth*, 87 Va. 672, 674, 13 S.E. 104 (1891). "An instrument is one of legal efficacy, within the rules relating to forgery, where by any possibility it may operate to the injury of another." *Gordon v. Commonwealth*, 100 Va. 825, 829, 41 S.E. 746 (1902). The fact that a document may be so irregular that a bank would be justified in refusing payment does not mean that the writing lacks apparent legal efficacy. *Gordon, supra*, at 828. Indeed, "a check which has been

voluntarily written . . . in a manner that possibly will operate to the injury of another constitutes a forgery." *Muhammad v. Commonwealth*, 13 Va. App. 194, 197, 409 S.E.2d 818 (1991).

However, the instrument must have apparent legal efficacy on its face, and may not be a legal impossibility. *See Williams v. State*, 61 Ala. 33 (1878). Likewise, an instrument which is invalid on its face is not the subject of forgery. *Terry v. Commonwealth, supra*, at 674 (1891).

In the instant case, the defendant stole the check, filled it in himself, and tendered it at Dobie's Store as payment for groceries. The piece of paper, however, was facially invalid, as it was not signed by the maker, and was in fact signed by a person, at least on its face, without any legal authority whatever. The clerk who received the check recognized this, for he refused to accept it, and notified law enforcement. It was therefore a writing of no legal efficacy, and this was readily apparent.

Accordingly, the defendant presented a paper, albeit unwittingly, which had no legal effect. He cannot as a result be guilty of forgery. Likewise, he could not have uttered a document which was not a forgery.

Therefore, the Court vacates its convictions of both forgery and uttering. The defendant will be sentenced only on his conviction of petit larceny.