COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


IVAN RODRIQUEZ, S/K/A
   IVAN JESUS RODRIQUEZ
                                                        OPINION BY
v.        Record No. 3150-06-2              JUDGE SAM W. COLEMAN III
                                                   DECEMBER 4, 2007
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                         Samuel E. Campbell, Judge

          Steven B. Novey (Novey and Tomko Law Firm, on brief), for
          appellant.

          Eugene Murphy, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Ivan Rodriquez appeals his convictions for two counts of forging a public document and two

counts of uttering a forged public document.[1]  Rodriquez argues the evidence was insufficient to

support the convictions because, although he gave his brother's name to a police officer who was

issuing traffic summonses to him, he signed his own name on the summonses and he did not falsely

make or materially alter any writing.  Accordingly, he contends he neither forged a signature nor

made a false document.  We disagree and affirm his convictions.

                                        BACKGROUND

        The facts, which were not in dispute, were presented to the trial court by way of proffer.

Sergeant Heflin initiated a traffic stop for a vehicle being driven by Rodriquez because the

_____
        [1] Rodriquez also pled guilty to one count of unlawfully using identification documents of
another to avoid arrest and driving on a suspended operator's license.  He does not appeal those
convictions.

registration plate on the vehicle was expired. After the stop the officer determined Rodriquez did not have an operator's license in his possession. In providing the officer with the information necessary to issue summonses, Rodriquez verbally provided Heflin with his brother's identifying information and Heflin, using that information, prepared and issued two traffic summonses in Rodriquez's brother's name, Osvaldo Rodriquez. Heflin handed the summonses to Rodriquez, and Rodriquez signed them, using his own name, and not that of his brother Osvaldo. In doing so, Rodriquez did and intended to sign his own name on the summonses. The trial judge found, however, that the signature of "Ivan Rodriquez" on the summonses was illegible.

ANALYSIS

Rodriquez argues that by signing his own name to the summonses, he did not possess the requisite intent to defraud required to prove forgery, that he did not commit forgery by signing a false name, and he did not make a false public document. "'The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'" Blake v. Commonwealth, 15 Va. App. 706, 707-08, 427 S.E.2d 219, 220 (1993) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Code § 18.2-68, which proscribes the offense of forgery, provides in pertinent part: "If any person forge a public record . . . or utter, or attempt to employ as true, such forged record . . . knowing the same to be forged, he shall be guilty of a Class 4 felony." "Forgery is a common law crime in Virginia. It is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173-74, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)).

The summonses issued to Rodriquez by Heflin were public records. See Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64 (1993) (finding that a public record was "a written memorial, intended to serve as evidence of something written, said or done, made by a public officer authorized to make it").

Rodriquez argues he did not falsely make a writing because Heflin prepared and wrote the information on the summonses. "No definition of forgery can be comprehensive enough to include all the crimes that may be committed by simple use of pen, paper and ink." Muhammad v. Commonwealth, 13 Va. App. 194, 198, 409 S.E.2d 818, 821 (1991). "'The purpose of the statute against forgery is to protect society against the fabrication, falsification and the uttering of instruments which *might* be acted upon as being genuine.'" Id. at 199, 409 S.E.2d at 821 (quoting Mayes v. State, 571 S.W.2d 420, 427 (Ark. 1978)) (emphasis in original).

In Campbell v. Commonwealth, 246 Va. 174, 431 S.E.2d 648 (1993), the Supreme Court affirmed a forgery conviction where a judge had directed a court clerk to change a defendant's name on a computer used to create the court's docket. Id. at 176-77, 431 S.E.2d at 649-50. Just as the judge in Campbell falsely "made or altered" a public document by directing the court clerk to falsify the printed record, Rodriquez caused Officer Heflin to make a forged summons by providing false information to the officer as he prepared the documents. Although Rodriquez did not personally write the false information, he provided the information to Heflin as he created the documents and, in doing so, Rodriquez engaged in the "false making" of the two public documents.

Furthermore, "[s]igning one's own name with the intent that the writing be received as written by another person, or impersonating another in the signature of an instrument, or signing in such a way as to make the writing purport to be that of another, are all acts of forgery." United States v. Price, 655 F.2d 958, 960 (9th Cir. 1981) (citations omitted); see also Quick Serv.

Box Co. v. St. Paul Mercury Indem. Co., 95 F.2d 15, 16-17 (7th Cir. 1938) (finding that forgery may "be accomplished by the fraudulent application of a false signature to a true instrument or a real signature to a false instrument"); Colorado v. Brown, 562 P.2d 754, 755 (Colo. 1977) (finding "[w]here any material portion of the instrument, including a name or signature, is fictitious, a forgery conviction may be sustained"); Commonwealth v. Wilson, 12 S.W. 264, 265 (Ky. 1889) (finding that although a defendant may sign his own name, he may be guilty of a false making of an instrument if it was calculated to induce another to give credit to it as genuine); 36 Am. Jur. 2d Forgery § 10 (2001) (explaining that "a person may be guilty of making a false instrument, although he or she signs and executes it in his or her own name, if it is false in any material part and calculated to induce another to give credit to it as genuine and authentic when the instrument is not in fact what it purports to be"). [2]

At common law, to constitute a forgery, there must be a false making with the intent to defraud. As to whether the evidence was sufficient to prove the element that Rodriquez had the specific intent to make or cause to be made a false public record, "'[i]ntent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.'" Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (quoting Wright v. Commonwealth, 245 Va. 177, 193, 427 S.E.2d 379, 390 (1993)). Rodriquez provided false information to Heflin knowing that Heflin was using it to prepare traffic summonses and, in so doing, Rodriquez caused to be made or created two summonses in

---

[2] During oral argument and relying upon a Maryland case, defense counsel argued that "telling a lie does not constitute forgery merely because the lie is reduced to writing." In Maryland v. Reese, 388 A.2d 122, 127 (Md. 1978) (reciting "it is not enough that the writing 'tells a lie; the writing itself must be a lie'"), the court reversed a conviction for forgery where a deputy treasurer made false notations in the tax rolls in order to embezzle money. The court found that although the tax rolls contained false and fraudulent entries, this false information did not alter the authenticity of the tax rolls. Id. at 127-28. In contrast, Rodriquez provided false and fraudulent information in order to create summonses that were entirely fraudulent and not authentic. The summonses themselves were "lies."

his brother's name.  Rodriquez then signed the summonses knowing that they contained the false information.  While signing his name illegibly to the falsely made summonses may be an additional indicia of Rodriquez's intent to defraud, the mere fact that Rodriquez provided a false name to Officer Heflin as he prepared the summons is sufficient to show his intent to defraud.  Rodriquez provided Heflin with false identifying information to avoid being charged with driving a vehicle with an expired registration plate and not having an operator's license in his possession.  The evidence was sufficient to prove he made a false writing with the intent to defraud.  Accordingly, the two forgery convictions are affirmed.[3]

Affirmed.

---

[3] Rodriquez makes no separate argument and cites no separate authority with respect to the two convictions of uttering a forged public document.  He merely contends that because the summonses were not forged, he cannot be guilty of uttering a forged document.  Since Rodriquez did forge the summonses, he also uttered them by knowingly allowing the officer to rely upon them in order to avoid further prosecution.  Accordingly, Rodriquez's two uttering convictions are affirmed.