COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


MEGAN ASHLEY PULLIN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2758-07-2              JUDGE JAMES W. HALEY, JR.
                                                         MARCH 24, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

        Valerie L'Herrou, Assistant Public Defender (Office of the Public
        Defender, on briefs), for appellant.

        Jennifer C. Williamson, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Appealing her conviction for forgery in violation of Code § 18.2-172, Megan Ashley

Pullin argues the evidence failed to show she forged a document having legal efficacy and that

she possessed the requisite intent.  We disagree and affirm the conviction.

II.  BACKGROUND

The relevant facts are undisputed and may be succinctly stated.

While attending a Billy Joel concert, Pullin exhibited medically concerning behavior.

Deputy Sheriff E.L. Johnson attempted to ascertain her condition.  Johnson noticed Pullin's face

was flushed and she was shaking.  Johnson took Pullin outside in an effort to calm her.  In

response to a question for her name, Pullin stated her name was Jessica and did not provide a

surname.  Johnson later requested a medical team assist Pullin.

────────────────
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The medical team determined that based on Pullin's behavior, she needed treatment at the hospital. Pullin again declined to identify herself other than by the first name of Jessica. Pullin was transported to the hospital and eventually identified as Jessica Bowen. Based on that information, the hospital later prepared a discharge form for her. The discharge form listed Bowen's name and date of birth and stated she had been seen in the emergency department on the relevant date. Among other things, it also stated: "PLEASE ENSURE PATIENT IS SENT TO OUR DISCHARGE ROOM FOR DATA VERIFICATION AND/OR POSSIBLE FINANCIAL ASSISTANCE." Pullin signed the form over a line stating "PATIENT/RESPONSIBLE PERSON," though the signature was illegible. Jessica Bowen was Pullin's best friend.

Pullin informed Bowen that Pullin had used Bowen's name in the hospital soon after Pullin was released from the hospital. Pullin told Bowen she gave Bowen's name to avoid arrest for a probation violation.

A grand jury indicted Pullin for forgery in signing Bowen's name to the discharge form in June 2007. The trial court held a bench trial on August 13, 2007, at the conclusion of which it found her guilty. Pullin now appeals.

### III. ANALYSIS

#### A. Whether the Document Had Legal Efficacy

Pullin first maintains the discharge form she signed lacked legal efficacy, as required for a forgery conviction.

In relevant part, Code § 18.2-172 states that "[i]f any person forge any writing . . . to the prejudice of another's right," that person is guilty of forgery. The statute tracks the common law. Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984).

"Forgery is the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability. Blackstone defines it as the fraudulent making or alteration of a writing to the prejudice of another man's right." Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964) (internal quotation marks omitted). In Gordon v. Commonwealth, 100 Va. 825, 829, 41 S.E. 746, 748 (1902), the Court stated that "an instrument is one of legal efficacy, within the rules relating to forgery, where *by any possibility* it may operate to the injury of another." (Emphasis added). Thus, the potential of injury alone, not injury itself, is an element of the offense. And, as noted in Stevenson v. Commonwealth, 258 Va. 485, 490, 522 S.E.2d 368, 370 (1999), that potential must exist "*at the time* the forged writing was made."

Our Supreme Court discussed the element of legal efficacy on facts important for this case in Terry v. Commonwealth, 87 Va. 672, 13 S.E. 104 (1891). There the Commonwealth alleged the defendant owed a debt to one H.M. Smith & Co. Id. at 673, 13 S.E. at 104. The Court held the allegedly forged document "was incapable of affecting or prejudicing the rights of H. M. Smith & Co., as defensive evidence in a suit or demand by them on any indebtedness of the accused to them; and it does not fix, nor could it operate, any pecuniary liability upon any one." Id. at 673-74, 13 S.E. at 104. Yet for a document to serve as the basis for a forgery conviction, it "must appear on its face to be, or be in fact, one which, if true, would be valid or capable of legally effecting a fraud." Id. at 674, 13 S.E. at 105. Alternatively, if a document's significance depends "on extrinsic circumstances, then such extrinsic matters must be averred in the indictment." Id. Since the document in Terry was "meaningless, void, and of no legal efficacy," the Court held no forgery conviction could come from it. Id. at 675, 13 S.E. at 105.

This case presents the reverse of the situation in Terry, for the discharge form at issue here could have subjected Bowen to liability for the treatment Pullin received. The document

- 3 -

stated Bowen was the "RESPONSIBLE PERSON" and that she had received treatment in the emergency room. The document also mentioned "POSSIBLE FINANCIAL ASSISTANCE," clearly indicating the hospital expected monetary compensation for its services. The hospital could have billed Bowen and, if she refused payment, could have used the document as evidence in a collection suit. The document could have served as the foundation for liability Bowen did not incur. Thus, the document had legal efficacy.

B. <u>Whether the Evidence Sufficed to Prove Pullin Possessed the Requisite Intent</u>

Alternatively, Pullin maintains the evidence failed to show she acted with the requisite intent to defraud.

In reviewing the sufficiency of the evidence, "the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court," the Commonwealth. <u>Commonwealth v. Hudson</u>, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). This principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth.'" <u>Parks v. Commonwealth</u>, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting <u>Wright v. Commonwealth</u>, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954)). The Court asks only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>Maxwell v. Commonwealth</u>, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)). When a trial court conducts a bench trial it acts as the trier of fact and its findings receive "the same weight as a jury verdict." <u>Evans v. Commonwealth</u>, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975).

To be guilty of forgery, a defendant must act with a specific intent to defraud. <u>Campbell v. Commonwealth</u>, 14 Va. App. 988, 990, 421 S.E.2d 652, 653 (1992) (*en banc*). An intent to defraud means a person acted "with an evil intent, or with the specific intent to deceive or trick."

Burrell v. Commonwealth, 50 Va. App. 72, 86, 646 S.E.2d 35, 42 (2007) (internal quotation marks omitted). The Court examines "the conduct and representations of the defendant." Norman v. Commonwealth, 2 Va. App. 518, 519, 346 S.E.2d 44, 45 (1986). The requisite intent "may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). The question of intent typically rests with the trier of fact. Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

In Rodriguez v. Commonwealth, 50 Va. App. 667, 670, 653 S.E.2d 296, 298 (2007), the defendant provided a police officer with false identifying information during a traffic stop. Based on that information, the officer prepared two summonses. Id. In considering whether the defendant acted with the requisite intent, we held that "the mere fact that Rodriguez provided a false name to Officer Heflin as he prepared the summons is sufficient to show his intent to defraud." Id. at 673, 653 S.E.2d at 299.

The evidence here clearly sufficed for the trier of fact to find an intent to defraud. It is undisputed that Pullin used Bowen's identifying information to avoid the police discovering her real identity and arresting her for a probation violation. Pullin's act of providing this false information sufficed for the trial court to find the intent to defraud.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.