**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4906**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANIBAL LUCAS GARCIA, a/k/a Carlos Garcia Gomez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:19-cr-00029-REP-1)

Submitted: November 10, 2020                    Decided: December 16, 2020

Before AGEE and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Philip Alito, Aidan Taft Grano, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anibal Lucas Garcia (Lucas) pleaded guilty to illegal reentry of an alien who had previously been removed from the United States after conviction for a felony, in violation of 8 U.S.C. § 1326(a), (b)(1). In his written plea agreement, Lucas reserved the right to challenge on appeal the district court's denial of his motion to dismiss the indictment. Finding no error, we affirm.

An alien who has been removed from the United States pursuant to an order of removal, but reenters the country illegally, may be charged with illegal reentry in violation of 8 U.S.C. § 1326(a). Here, Lucas seeks to challenge his underlying removal order, which was issued in 2010 following his conviction for forgery of a public record under Va. Code Ann. § 18.2-168. He argues that the Government's use of his 2010 removal order against him violated due process because the removal order was void and its use was barred by 8 U.S.C. § 1326(d).

On a motion to dismiss an indictment, we review the district court's factual findings for clear error and the court's legal conclusions de novo. *United States v. Hosford*, 843 F.3d 161, 163 (4th Cir. 2016). A defendant may not challenge the validity of the removal order unless the defendant demonstrates that:

(1)     the alien exhausted any administrative remedies that may have been available to seek relief against the order;
(2)     the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
(3)     the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). To establish that the entry of an order was fundamentally unfair, the defendant must show that "(1) his due process rights were violated by defects in his

2

underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. El Shami*, 434 F.3d 659, 664 (4th Cir. 2005) (internal quotation marks omitted).

Lucas first attempts to challenge his 2010 removal order outside of the § 1326(d) requirements by claiming that the immigration authorities acted ultra vires in entering the order against him because his Virginia forgery conviction did not qualify as an aggravated felony under the Immigration and Nationality Act (INA). Lucas, however, must satisfy the criteria set forth in § 1326(d) in order to collaterally attack his removal order. *See United States v. Cortez*, 930 F.3d 350, 357 (4th Cir. 2019) ("[T]here is no freestanding rule allowing for collateral attacks based on a lack of subject matter jurisdiction."); *accord United States v. Gonzalez-Ferretiz*, 813 F. App'x 837 (4th Cir. 2020) (No. 19-4409) (rejecting an alien's attempt to collaterally challenge his removal order apart from the § 1326(d) requirements as an ultra vires agency action), *petition for cert. filed*, No. 20-6049 (U.S. Oct. 16, 2020).

We further conclude that Lucas' collateral challenge to his 2010 removal order fails on the ground that he cannot demonstrate that its use was fundamentally unfair as required by 8 U.S.C. § 1326(d)(3).[*] In *Alvarez v. Lynch*, 828 F.3d 288, 298 (4th Cir. 2016), we held that, under the categorical approach, Va. Code Ann. § 18.2-168 is an aggravated felony under the INA. Although Lucas argues that *Alvarez* is not binding on this panel because

---

[*] Based on this finding, we need not consider whether Lucas has met the other requirements set forth in § 1326(d).

3

the decision did not analyze or address the "grounds of overbreadth" that he raises on appeal, we have considered Lucas' claims and find them without merit. Accordingly, because Lucas' Virginia forgery conviction was an aggravated felony under the INA, he cannot "demonstrate that, but for the errors complained of, there was a reasonable probability that he would not have been deported" and, therefore, cannot meet the fundamental unfairness requirement of § 1326(d)(3). *United States v. Lopez-Collazo*, 824 F.3d 453, 462 (4th Cir. 2016) (internal quotation marks omitted).

Accordingly, we uphold the district court's denial of the motion to dismiss the indictment and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
