**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1605**

---

HOMERO TREJO-JUAREZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: March 6, 2025                           Decided: June 3, 2025

---

Before BENJAMIN, BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Petition for review denied by unpublished opinion. Judge Berner wrote the opinion, in which Judge Benjamin and Senior Judge Floyd joined.

---

**ON BRIEF:** Vincent Rivas-Flores, KONARE LAW, Frederick, Maryland, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Jennifer Levings, Assistant Director, Allison Frayer, Senior Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

BERNER, Circuit Judge:

Petitioner Homero Trejo-Juarez is a Mexican citizen who has resided in the United States since he entered the country unlawfully in 2006. He has two United States citizen sons, one of whom has a history of mental health challenges. In 2017, Trejo-Juarez was arrested for driving under the influence. Several days after his arrest, he was placed in the custody of Immigration and Customs Enforcement, served with a notice to appear, and charged with being present in the United States without being admitted or paroled.

Trejo-Juarez applied for cancellation of removal, alleging that his children would suffer exceptional and extremely unusual hardship if he were removed from the United States. Following a hearing, an immigration judge denied Trejo-Juarez's application for cancellation of removal and the Board of Immigration Appeals affirmed. Trejo-Juarez petitions for review of that order. We deny his petition.

I.    Background

Trejo-Juarez contends that the Board of Immigration Appeals (BIA) erred in affirming the decision of the immigration judge (IJ) for two reasons. He argues that the IJ failed to properly consider all evidence in the record. He also argues that the IJ erred in finding that he failed to satisfy the statutory requirements for cancellation of removal.

To establish statutory eligibility for discretionary cancellation of removal, a petitioner must (1) have been continually present in the United States for at least ten years; (2) have demonstrated good moral character during that time; (3) have not committed a disqualifying offense; and (4) show that their removal will cause "exceptional and

2

extremely unusual hardship" to a qualifying family member who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1). The IJ concluded that Trejo-Juarez met two of these four statutory requirements. He had been continually present for at least ten years and had not committed a disqualifying offense. The IJ also found, however, that Trejo-Juarez did not demonstrate good moral character and failed to show that his children would suffer exceptional and extremely unusual hardship if he were removed.

On appeal, the BIA adopted the reasoning of the IJ and affirmed the denial of Trejo-Juarez's application for cancellation of removal on the basis that Trejo-Juarez failed to demonstrate the statutorily required hardship. Because that issue was dispositive of Trejo-Juarez's application for cancellation of removal, the BIA declined to reach the other issues raised by Trejo-Juarez on appeal.

## II.      Jurisdiction and Standard of Review

Our jurisdiction over decisions of the BIA is limited. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Although we may not review an IJ's factual findings, we may review questions of law arising from decisions denying discretionary relief. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *Cortes v. Garland*, 105 F.4th 124, 132 (4th Cir. 2024). This jurisdiction extends to mixed questions of law and fact, including whether "settled facts meet the legal standard." *Cortes*, 105 F.4th at 132. We may review a final order of removal if the noncitizen has exhausted all available administrative remedies and the

3

validity of that order has not been decided by prior judicial proceedings. 8 U.S.C. § 1252(d).[1]

When the BIA affirms and adopts the IJ's decision, this court reviews the decisions of both the IJ and the BIA. *Cabrera v. Garland*, 21 F.4th 878, 883 (4th Cir. 2022). The question of whether the statutory hardship requirement has been met by the facts as determined by the IJ is a mixed question of law and fact. *See Cortes*, 105 F.4th at 131. We review the IJ and BIA's rulings on this issue with deference. *Id.* at 133–34.[2] We need not determine precisely what level of deference is due because, under any standard, we find that Trejo-Juarez failed to demonstrate exceptional and extremely unusual hardship.

## III.      Analysis

Trejo-Juarez first contends that the IJ failed to consider significant evidence. "[I]n reviewing agency decisions in immigration matters, it is 'our responsibility to ensure that unrebutted, legally significant evidence is not arbitrarily ignored by the factfinder.'" *Tassi*

---

[1] Because we are barred from reviewing matters that were not administratively exhausted, we will not review arguments Trejo-Juarez failed to raise before the BIA. *See Tepas v. Garland*, 73 F.4th 208, 213–14 (4th Cir. 2023).

[2] Trejo-Juarez submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j) directing our attention to *Moctezuma-Reyes v. Garland*, a recent decision by the Sixth Circuit. 124 F.4th 416 (6th Cir. 2024). He argues that in that case the court reviewed *de novo* the hardship determination and analyzed the facts cumulatively. To the contrary, the Sixth Circuit agreed that the hardship determination was a mixed question of law and fact requiring deferential review. *Id.* at 423. To the extent the letter can be read to suggest the BIA erred in not considering the facts cumulatively, we decline to reach that argument. *See Alvarez v. Lynch*, 828 F.3d 288, 295 n.7 (4th Cir. 2016) (explaining how the court declines to reach arguments raised for the first time in a 28(j) letter).

*v. Holder*, 660 F.3d 710, 719 (4th Cir. 2011) (quoting *Baharon v. Holder*, 588 F.3d 228, 233 (4th Cir. 2009)). Trejo-Juarez contends the IJ failed to adequately consider two categories of evidence: (1) evidence in the record regarding his son's mental health challenges; and, (2) his partner's testimony about the lack of mental health services available in Mexico. Trejo-Juarez is mistaken. The IJ evaluated and discussed both categories of evidence. Trejo-Juarez's true objection appears not to be that the IJ arbitrarily ignored this evidence altogether but rather that the IJ did not afford it the proper weight. Because we may not reweigh the evidence or disturb the facts found by the IJ, we reject this argument. *See Cortes*, 105 F.4th at 131.

Trejo-Juarez also contends that the BIA and IJ erred in concluding that he failed to demonstrate that his minor children would suffer exceptional and extremely unusual hardship as a result of his removal. Trejo-Juarez claims that his eldest son would suffer emotional and psychological harm and that both of his children would suffer exceptional and extremely unusual hardship because of decreased financial and educational opportunities in Mexico. Hardship resulting from statutory removal shall only be deemed exceptional and extremely unusual if it substantially exceeds "the ordinary hardship that would be expected when a close family member is removed." *Id.* at 134 (quoting *Gonzalez Galvan v. Garland,* 6 F.4th 552, 561 (4th Cir. 2021)).

After carefully considering the evidence presented by Trejo-Juarez regarding the mental health challenges faced by his eldest son, the IJ concluded the evidence did not support a finding that those challenges would be substantially exacerbated if Trejo-Juarez were removed. Although separation from his father could lead to further hardship, the

5

evidence before the IJ supported a finding that Trejo-Juarez planned for his children to relocate with him upon removal. Thus, Trejo-Juarez's eldest son would not likely be separated from his father and separation was not a necessary consequence of denial of relief. Because the evidence presented supported a finding that Trejo-Juarez's family would remain together, the IJ concluded that the evidence presented by Trejo-Juarez regarding the effects of his removal on his eldest son's mental health was not relevant. The IJ thus denied Trejo-Juarez's petition, finding that he failed to meet his burden to show that his eldest child would suffer exceptional and extremely unusual hardship. The BIA affirmed this ruling and we agree.

Trejo-Juarez further contends that the IJ erred in concluding that his removal would not cause his children to be deprived of economic stability and educational opportunities sufficient to constitute exceptional and extremely unusual hardship. The children's education might well be impacted if they were to relocate to Mexico with their father. Reduced educational opportunities are "not rare but expected," however. *Moctezuma-Reyes*, 124 F.4th at 422. This evidence, with nothing more, will not support a finding of exceptional and extremely unusual hardship. The IJ found significant that Trejo-Juarez was likely to find work to support his family in Mexico. The IJ further noted that Trejo-Juarez's children speak Spanish, that the family could reside with relatives in Mexico, and that no evidence had been presented to support a finding of fear for the children's wellbeing in Mexico. Granting appropriate deference to the factual findings of the IJ, we find no error.

## IV. Conclusion

For the reasons set forth above, the petition to review the order of the BIA is denied.

*DENIED*